```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/13/2020__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
CARLOS RODRIGUEZ ALVARADO,
*individually and on behalf of all other persons*
*similarly situated*,

                                 Plaintiff,                  Docket No.: 19-CV-07694-AT

    -against-

58 WEST LLC d/b/a LOI ESTIATORIO,
ALEX ANTIMISIARIS, and MARIA LOI,
jointly and severally,

                                 Defendants.
---------------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Carlos Alvarado (hereinafter, "Plaintiff") and Defendants 58 West LLC d/b/a Loi Estiatorio (hereinafter, "Defendants"), and all together constituting the parties ("Parties") that:

    1.    This Stipulated Protective Order ("Protective Order") shall govern the designation and handling of confidential documents and information produced in discovery in this lawsuit by any person or entity.

    2.    Any person (including any third party not named in this action) who is required to produce documents or information in discovery in this case may designate material produced as "confidential" pursuant to this Protective Order. The material that may be designated as confidential shall include any material not generally available to the public, pertaining to Plaintiff or to Defendant, including but not limited to proprietary business information, trade secrets, information subject to a legally protected right of privacy, or confidential research, development, financial, or personal information. If the party receiving information from the producing party believes that the material produced should have been marked confidential, the receiving party may

designate such information as confidential. Material which has not been preserved or maintained in a manner reasonably calculated to preserve its confidentiality may not be designated "confidential." The parties agree that they will not designate material as "confidential" unless they have a good faith, reasonable basis to believe the material constitutes confidential information. The fact that any document or information is disclosed, used, or produced in discovery or at trial herein shall not be admissible as evidence, or offered as evidence, in any action or proceeding before any Court, agency, or tribunal on the issue of whether or not such document or information is confidential or proprietary. The foregoing provision shall have no effect on the issue of authenticity of any document.

      3.      Documents or things shall be designated as "confidential" by stamping them "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" in a size and location that makes the designation readily apparent. A "confidential" designation shall be affixed to any documents produced in the course of this litigation, including portions of briefs, memoranda, or any other writings filed with the Court, which mention, discuss, or comment upon any confidential material. With respect to documents produced for inspection, the designation may be affixed either prior to inspection or added when copied for production or exchange, provided that in either event the designation should be affixed in a manner which does not affect the legibility of the document. Any information or data that is not reduced to documentary, tangible, or physical form, or that is otherwise not readily designated as confidential pursuant to the preceding two sentences, may be designated as confidential by informing counsel for the parties that it is confidential.

      a.      A party that seeks to file material designated confidential with the Court for any purpose shall request that any such information be filed under seal in accordance with Rule

IV of the Individual Practices in Civil Cases of The Honorable Analisa Torres. The Parties must work cooperatively and in good faith to ensure that material designated as confidential remains as such. If any person fails to file protected documents or information under seal, the producing party may request that the Court place the filing under seal.

    b.  If any document or information designated as "confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 3 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

    c.  Any party or deponent wishing to designate as "confidential," pursuant to the terms set forth in paragraph 2 above, any deposition testimony or documents submitted as exhibits to a deposition may do so on the record during the deposition, or within thirty (30) days after receipt of the deposition transcript and exhibits, by providing written notice of the designation to the parties and any other affected person. If the designation is made on the record at the deposition, the person making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as "confidential" are marked by the reporter in the manner described herein. If the designation is made by notice after receipt of the transcript or exhibits, any party receiving notice of the designation shall stamp as "confidential" the designated portions of any copies of the transcript or exhibits in its possession, and shall take all reasonable

steps to assure that transcripts copied, but no longer in the possession of said party, are likewise appropriately stamped.

        d.    Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open Court, at any hearing or trial of this case any material that is subject to this Protective Order or filed under seal pursuant to its provisions, provided that the party desiring to use the material ("Disclosing Party") gives the relevant producing person(s) advance notice at such time as the disclosing party determines that it will use, or is substantially likely to use, such material in open Court. Any party or designating person desiring that hearings be held *in camera*, or that the trial or any portion of it be closed to the public, or that a person be excluded from a hearing or any portion of it, must make a separate motion therefore.

    4.    Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all material designated "confidential" shall be treated as confidential and shall not be disclosed except under the terms of this Protective Order.

        a.    In the event that any party objects to the designation of any document as "confidential" such party may, in writing, request the designating person to remove the confidential designation. Such written request shall specifically identify the document at issue.

        b.    The designating person, by its counsel, shall respond in writing within ten (10) business days of receipt of the written request, or within such other period as may be designated by the Court or the Parties' agreement. If the designating person refuses to remove the confidential designation, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

    c. If the designating person(s) fails to respond to a request or refuses to remove the confidential designation, any party may file a motion for an order requiring the designating person(s) to remove the confidential designation. It shall be the designating person's burden, under such circumstances, to establish that the designated information is confidential within the meaning of this Protective Order.

    d. In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection.

  5. All confidential information shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order and shall be disclosed only to persons described in paragraphs 6 and 7 below in connection with this litigation only, unless and until any party shows a need for the documents in related or subsequent litigation against the parties named in this action, and either this Court or the Court in the related or subsequent litigation enters an appropriate order for modification of this Protective Order.

  6. Confidential material may be delivered, exhibited, or disclosed to counsel representing the named parties in this case, to counsel representing any insurer or indemnitor of any defendant, and to any support staff assisting such counsel in the prosecution or defense of this litigation (collectively referred to as a party's "legal team"). Counsel who receives any confidential material shall be bound by this Protective Order and be responsible for (1) informing other members of his or her legal team of their obligations under this Protective Order and (2) assuring that access to the confidential material is limited in accordance with this Protective Order.

  7. Confidential material may also be delivered, exhibited, or disclosed subject to paragraphs 8 through 10, below, to the following persons in addition to a party's legal team:

        a.      Any expert or consultant interviewed for retention and/or retained by counsel to assist in the preparation of this case or to testify at trial or any other proceeding in this action;

        b.      Any person testifying at a deposition, hearing, or trial of this action;

        c.      Any person who authored or previously received the material;

        d.      Any actual or potential witness, including former employees, officers, and agents of a party, provided there is a reasonable basis to believe that the witness will give testimony regarding the confidential material;

        e.      Any court reporter employed in this litigation in that capacity;

        f.      The Court;

        g.      Any person qualifying under paragraph 11 below.

8.      Notwithstanding the provisions of paragraph 7, confidential information produced pursuant to this Protective Order shall not be provided, shown, made available, or communicated in any way to any person or entity who is directly employed by any business which is known to be a direct customer, vendor, or competitor of the Defendant, except insofar as the information pertains to that specific business entity or person. For purposes of this paragraph, no named party to this litigation shall be deemed to be a customer, vendor, or competitor. Prior to any disclosure of confidential information, the disclosing party shall make reasonable inquiry to ascertain that the person or entity to be provided with confidential information is not a direct employee of a business which is a direct customer, vendor, or competitor of Defendant.

9.      Notwithstanding the provisions of paragraph 7, confidential information produced pursuant to this Protective Order may not be delivered, exhibited, or otherwise disclosed to any

reporter, writer, or employee of any trade publication, newspaper, magazine, or other media organization.

10. Any party desiring to reveal confidential material to any of the persons referred to in paragraph 7(a), 7(b), 7(d) or 7(g) above shall first secure from each such person, prior to disclosure of any information subject to this Protective Order, a signed certificate in the form attached as Exhibit A. Counsel for the party who disclosed the confidential information shall retain all original signed certificates obtained from any person pursuant to this paragraph.

11. Any party may request permission to disclose confidential documents or information to any persons to whom such disclosure is otherwise prohibited by this Protective Order.

   a. The request shall be made in writing to the person who designated the pertinent documents or information as "confidential." The request shall state with specificity the reason(s) why disclosure is required. The request shall also identify with reasonable specificity the confidential material to be disclosed and the person(s) to whom the disclosure will be made unless, under FRCP 26(b)(4), the requesting party may properly decline to identify the person.

   b. The party to whom the request is directed shall respond within ten (10) business days from receipt of the request, or within such other time period as may be designated by Court order or the parties' agreement. If the person to whom the request is directed refuses the request, its written response shall state the reason for the refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

   c. If the person to whom the request is directed fails to respond to the request, or refuses to consent to its disclosure, the requesting party may move for an order permitting the disclosure upon good cause shown. It shall be the burden of the party seeking confidentiality under

such circumstances to establish that the designated information is confidential within the meaning of this Protective Order; however, it shall be the requesting party's burden to demonstrate good cause as to why, notwithstanding the document's or information's confidential nature, disclosure is justified. The requesting party shall not make any disclosure while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending.

        d.     Any party desiring to reveal confidential material to any person pursuant to this paragraph 11 shall first secure from each such person, prior to the disclosure, a signed certificate in the form attached as Exhibit A. The applicable provisions of paragraph 10 of this Protective Order shall govern the handling of all such certificates.

    12.    This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

    13.    If at any time any document or information designated as "confidential" and governed by this Protective Order is subpoenaed by any Court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall immediately give written notice thereof to any person who has designated such information as "confidential." After receipt of the notice specified under this paragraph, the person seeking to maintain the "confidential" designation shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designated "confidential." Unless a Court orders otherwise, the

person to whom the subpoena is directed shall object thereto and accordingly not produce any confidential information until the person seeking to maintain confidentiality has had an opportunity to seek an appropriate order. If the person seeking to maintain confidentiality does not move for a Protective Order within the time allowed for production by the subpoena (or within such time as a Court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto. The person to whom the subpoena is directed shall not produce any material designated as confidential while a motion for Protective Order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a Court to do so.

14.    The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections to discovery requests.

15.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Moreover, nothing in this Order shall prevent a party from withholding production of a document considered privileged

(including, but not limited to, on the bases of HIPPA, the attorney-client privilege or attorney work product doctrine) or otherwise protected from production.

The producing party must notify the receiving party promptly, in writing, upon discovery that a privileged document has been produced. Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in this paragraph 15, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

The receiving party may contest the privilege or work product designation by the producing party, shall give the producing party written notice of the reason for said disagreement, and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph.

16.     At the conclusion of this action, including any appeals, all materials designated as confidential and all copies, extracts, summaries, or notes thereof shall be returned to the producing person(s) or shall be destroyed. Counsel or other affected persons shall provide the producing person(s) written confirmation of destruction within sixty (60) days of the conclusion of the action.

This provision shall not apply to file copies of pleadings and briefs maintained by the parties' counsel in their respective litigation files maintained in the ordinary course of business.

17. A producing person may disclose documents or information designated "confidential" produced in this action to any persons, with or without any conditions to such disclosure as it deems appropriate, but at the risk that such disclosure may cause the document or information produced to lose its confidential designation if disclosure is not made in a manner reasonably calculated to maintain the information's confidentiality.

18. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then the disclosing person(s) shall promptly (a) identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because disclosed to a person not authorized to receive it under this Protective Order.

19. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

20. This Protective Order may be executed in counterparts, and facsimile and electronic signatures shall be deemed equivalent to original signatures.

**SO AGREED:**

| | |
|---|---|
| LAW OFFICE OF JUSTIN A. ZELLER, P.C. | CLIFTON BUDD & DeMARIA, LLP |
| *Attorneys for Plaintiff* | *Attorneys for the Defendants* |
| 277 Broadway, Suite 408 | The Empire State Building |
| New York, New York 10007 | 350 Fifth Avenue, 61st Floor |
| | New York, NY 10118 |

By: *John Gurrieri*
    John M. Gurrieri

By: *[signature]*
    Ian-Paul A. Poulos

**SO ORDERED:**

Dated:  July 13, 2020
         New York, New York

_____
ANALISA TORRES
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
CARLOS RODRIGUEZ ALVARADO,
*individually and on behalf of all other persons similarly situated*,

       Plaintiff,      Docket No.: 19-CV-07694-AT

 -against-

58 WEST LLC d/b/a LOI ESTIATORIO,
ALEX ANTIMISIARIS, and MARIA LOI,
jointly and severally,

       Defendants.
---------------------------------------------------------------------x

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I,_____, declare as follows:

 1. I have read and am familiar with the terms of the STIPULATED PROTECTIVE ORDER ("Order") in the above-captioned case governing disclosure of information designated as confidential.

 2. I understand and agree that any information designated as "Confidential Information" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, convey, publish, or duplicate any of said confidential information other than under the limited conditions permitted in the Order.

 3. I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any confidential information disclosed to me pursuant thereto except in accordance with the terms of said Order. I agree not to use any confidential information for any purpose other than the litigation of the above-captioned matter.

4. I agree that within the time frame specified in the Order, I will return all confidential information to the party who provided it to me, as well as all copies thereof and will destroy any notes in my possession containing any confidential information covered by the terms of this Order, or be certified to be destroyed.

5. I acknowledge that the Order is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Order.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 2020.

_____
Signature

_____
Printed Name

_____
Address